UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deondre Andrews,

        Petitioner,

   v.

Warden, Lebanon
Correctional Institution,

        Respondent.

Case No.: 1:13-cv-727

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's October 27, 2014 Report and Recommendations ("R&R") that Petitioner's petition for a writ of habeas pursuant to 28 U.S.C. § 2254 be denied with prejudice. (Doc. 12).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&Rs. (Doc. 18). For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the Magistrate Judge's R&R is ADOPTED in its entirety.

### I. BACKGROUND

The factual and procedural history of this case is described in great detail in the Magistrate's Report and Recommendation, and the same will not be repeated except to the extent necessary.

Roxanne Dieffenbach was appointed as Petitioner's counsel in Petitioner's three criminal cases before the Hamilton County Court of Common Pleas (Case Nos.

B0901344, B0906649-A, and B1005259).  A trial date was set for January 24, 2011.  On that day, Petitioner presented a pro se motion requesting the removal of Dieffenbach as his counsel, and requesting another attorney be appointed to represent him.  The trial court denied Petitioner's motion, and continued the trial date to February 14, 2011.  A jury found Petitioner guilty of failing to comply with an order or signal of a police officer, obstructing official business, and inducing panic in Case No. B1005259-A.  Petitioner was acquitted on the charge of attempted murder and the jury was unable to reach a verdict on the felonious assault charge.

    On April 4, 2011 Petitioner waived his right to a jury trial and entered a guilty plea in Case No. B0901344.  On April 19, 2011, the day of Petitioner's sentencing hearing for Case. No. B0901344, Petitioner made an oral pro se motion to withdraw his guilty plea.  Petitioner indicated he was not happy with Dieffenbach as his counsel.  Petitioner also indicated that his family had retained new representation for him – namely, Ted Knoebber.  However, Knoebber was not present and could not be reached by telephone on that day.  Petitioner then requested that his sentencing hearing be set for another day.  The court refused to reset the hearing, and overruled Petitioner's pro se motion to withdraw his guilty plea.  Petitioner was then sentenced, in accordance with the plea agreement, to an aggregate prison term of seven years for felonious assault with an attached firearm specification.  The trial court issued the final judgment entry in Case No. B0901344 on April 29, 2011.  Case No. B0906649-A was dismissed for want of prosecution.

    On November 15, 2011 Petitioner, with assistance of new counsel for appeal purposes, filed a notice of appeal and motion for delayed appeal to the Ohio Court of

Appeals, First Appellate District.  The court granted the motion for delayed appeal, and Petitioner presented five assignments of error:

> 1. The trial court erred to the prejudice of Defendant-Appellant in refusing to hold a hearing on Appellant's request to replace his court appointed attorney prior to trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 2. The trial court erred to the prejudice of the Appellant in failing to grant Appellant's request to remove his court appointed attorney and allow him to retain private counsel prior to sentencing and for failing to conduct a hearing on Appellant's request to do so in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3. The trial court erred to the prejudice of the Defendant-Appellant in failing to grant his pre-sentence motion to withdraw his plea in violation of the Ohio Rules of Criminal Procedure and due process of law as guaranteed by the Fourteenth Amendment.
>
> 4. Appellant was deprived of his right to effective assistance of counsel.
>
> 5. The trial court erred to the prejudice of Appellant in imposing restitution that was not supported in the record and in failing to conduct a hearing upon the restitution amount and imposing a fine upon an indigent defendant in violation of the Ohio statutes and the Fourteenth Amendment of the United States Constitution.

(See Doc. 10, Ex. 9).

On October 10, 2012, after reviewing the merits of Petitioner's claims, the Court of Appeals overruled the first three assignments, and overruled in part and sustained in part the last two assignments.  (Doc. 10, Ex. 11).  The court vacated part of Petitioner's sentence, and remanded the matter to the trial court for a hearing on Petitioner's present and future ability to pay a fine and restitution.

On January 31, 2013, over three months after the Court of Appeals' decision, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court from the Court of Appeals' decision affirming Petitioner's

3

conviction and sentence in Case No. B0901344. (*See* Doc. 10, Exs. 12-13). As cause for the delay, Petitioner argued that he did not believe a forward appeal was needed following the October 10, 2012 decision, and that neither his appellate counsel nor the Ohio Court of Appeals informed him of the appeals deadline. (*Id.*, Ex. 13, pp.1-2). On March 27, 2013, the Ohio Supreme Court denied Petitioner's motion for delayed appeal without opinion. (*Id.*, Ex. 15).

Petitioner initially filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in October, 2013. (Doc 1). Petitioner then filed an amended petition on January 14, 2014 (Doc. 6). In his petition, Petitioner challenges only his April 29, 2011 conviction and sentence following his entry of guilty plea in Case No. B0901344. Petitioner presents four grounds for relief:

> **Ground One:** Petitioner was denied his rights to Access to the Court under the First Amendment to the United States Constitution and his rights under the Due Process Clause under the Fourteenth Amendment to the United States Constitution, when both the appellate court and appellate counsel failed to inform petitioner of his appellate rights and the time and manner to effectuate a timely appeal with the Ohio Supreme Court and the Ohio Supreme Court denied his subsequent application for leave to file a delayed appeal.
>
> **Ground Two:** Petitioner was denied his Sixth Amendment right to Counsel under the United States Constitution at a "critical" stage of the proceedings (presentence motion to withdraw guilty plea) when counsel refuse[d] to represent the petitioner at the hearing.
>
> **Ground Three:** Petitioner was denied his Sixth Amendment right to Counsel under the United States Constitution when the trial court denied him his right to the counsel of his choice by denying his motion to continue the proceedings to permit his newly retained counsel to assist him with his motion to withdraw his guilty plea and with the sentencing hearing.
>
> **Ground Four:** Petitioner respectfully reserve[s] the right to amend this petition as to ground for relief four after receiving his transcript in the respondent's return of writ. Petitioner suspect[s] there could be errors for

4

> but his memory does not serve him well and a review of the plea and sentencing transcript is need[ed] to formulate a meritorious argument.

(Doc. 6, pp. 8-9, 11-14, 16-17, 19).

In her R&R, the Magistrate Judge recommends that each ground for relief should be dismissed with prejudice.

## II. ANALYSIS

### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Ground One

The Magistrate Judge concluded that Petitioner's Ground One claim does not state a cognizable ground for federal habeas relief because the Fourteenth Amendment's protections extend only to a defendant's first-tier appeal, not to discretionary review by the Ohio Supreme Court. Likewise, the Magistrate Judge found that Petitioner's First Amendment right of access to the courts claim fails to state a cognizable claim for federal habeas relief because it does not amount to a challenge to the fact or duration of his confinement.

Petitioner argues that *Preiser v. Rodriguez*, 411 U.S. 475 (1973), cited by the Magistrate Judge, pre-dates the Antiterrorism and Effective Death Penalty Act of 1996

5

and is inconsistent with later cases in which relief was granted when the petitioner did not challenge the duration of confinement.

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Preiser*, the Supreme Court held that habeas corpus is "an attack by a person in custody upon the legality of that custody," and the writ is limited to claims which dispute "very fact or duration of confinement." 411 U.S. at 484. Courts, including the Sixth Circuit, have relied on *Preiser* to conclude that a writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings. *See, e.g.*, *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).

Petitioner cites two cases to support his argument that habeas relief can be granted when a petitioner does not challenge the duration of confinement. The first case is *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). However, this case is inapplicable because it was not a habeas claim. Instead, the defendant argued as part of his direct appeal of his federal conviction that the denial of his choice of counsel entitled him to a reversal of his conviction. *Id.* at 142. The second case is *Penson v. Ohio*, 488 U.S. 75 (1988). This was also not a habeas claim, but was instead part of a direct appeal of a state conviction. *Id.* at 79.

Accordingly, the Court finds no error in the Magistrate Judge's recommendation that Petitioner's claim in Ground One should be dismissed.

6

### C. Grounds Two and Three

The Magistrate Judge found that Petitioner procedurally defaulted and has waived his claims alleged in Grounds Two and Three because he failed to perfect a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision on October 10, 2012. The Magistrate Judge also found that Petitioner has not demonstrated either a credible claim of actual innocence or cause to excuse the procedural bar. Finally, the Magistrate Judge found that Petitioner's "ineffective-assistance-of-appellate-counsel" claim was itself procedurally defaulted, and therefore it cannot serve as cause to excuse his other procedurally defaulted claims.

In addition to arguing the merits of his ineffective assistance of counsel claims, Petitioner argues that the Magistrate Judge's R&R should be rejected because the ineffective assistance of his appellate counsel caused Petitioner to procedurally default his claims.

However, an ineffective assistance of appellate counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). As the Magistrate Judge explained, Petitioner failed to exhaust his ineffective assistance of appellate counsel claim because he did not file a reopening application pursuant to Ohio Rule of Appellate Procedure 26(B) raising the claim. Instead, Petitioner only presented the issue in his motion for delayed appeal filed with the Ohio Supreme Court. Petitioner has not addressed this point. Nevertheless, the Court finds that the Magistrate Judge did not err in finding that Petitioner has procedurally defaulted and waived his claims in Grounds Two and Three.

### D. Ground Four

The Magistrate Judge found that Petitioner has abandoned any fourth ground for habeas relief because Petitioner was explicitly informed by the Court that he was required to amend Ground Four within thirty days or it will stand as pled, and Petitioner failed to do so. The Magistrate Judge concluded that because Petitioner did not amend Ground Four to allege any additional claim of constitutional error, Ground Four should be dismissed with prejudice.

Petitioner has not objected to the recommendation that Ground Four be dismissed.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's October 27, 2014 R&R (Doc. 12) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) as amended (Doc. 6), is DENIED with prejudice.

2. A certificate of appealability is not issued with respect to the claims alleged in Ground One of the amended petition, which was addressed on the merits herein, and in Ground Four of the amended petition in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented in those grounds for relief are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. In addition, a certificate of appealability is not issued with respect to the claims alleged in Grounds Two and Three of the amended petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of that test. Nevertheless, assuming that "jurists of reason" could find the procedural ruling debatable, the undersigned further finds that the second prong of the *Slack* test has not been met because "jurists of reason" would not find it

debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief. *See id.* at 484.

4. Petitioner has not stated a viable claim in Ground Two that he was denied his Sixth Amendment right to counsel because his court-appointed attorney, Roxanne Dieffenbach, declined to support his pro se motion to withdraw guilty plea that was presented at the April 19, 2011 sentencing hearing, particularly given that petitioner merely suggested as the basis for his motion that he and his family were not happy with Dieffenbach's advice regarding what could and could not be done in defending against the criminal charges and did not dispute that, as the record reflects, he nevertheless entered his guilty plea knowingly, voluntarily and intelligently. *Cf. Hines v. Miller*, 318 F.3d 157 (2nd Cir. 2003) (and cases cited therein) (rejecting similar claim on habeas review in the absence of any Supreme Court precedents specifically addressing a claim, that a "petitioner was denied his right to counsel because he was effectively unrepresented on his motion to withdraw his plea . . . or a claim that petitioner was denied the effective assistance of counsel because an actual conflict of interest [with respect to the plea withdrawal motion] adversely affected counsel's performance"); *see also Redd v. Woughter*, No. 09 Civ. 9819 (PAE), 2012 WL 2864514, at *7 (S.D.N.Y. July 12, 2012). Moreover, the record does not support petitioner's claim in Ground Three that he was deprived of his Sixth Amendment right to counsel of choice when the trial court denied his request to continue the April 19, 2011 sentencing hearing so that newly retained counsel, Theodore Knoebber, could represent him on his motion to withdraw his guilty plea and for sentencing purposes. Although petitioner represented to the trial court that his family had retained Knoebber to represent him, Knoebber did not file any presentence motion to withdraw plea or other motion on petitioner's behalf to be heard at the April 19, 2011 hearing; did not contact Roxanne Dieffenbach or the trial court to let them know that he had been retained and would be entering an appearance and filing a request to replace Dieffenbach as petitioner's counsel at the hearing; and neither entered an appearance nor attended the hearing or even responded to the court's attempt to contact him that day. Furthermore, Knoebber did not enter an appearance in the case after petitioner was sentenced and never sought to contest the trial court's rulings at the April 19, 2011 hearing on the ground that he should have been present to represent petitioner at that hearing. The one-sentence motion to withdraw plea that Knoebber filed on petitioner's behalf over five months later does not contain any statement confirming petitioner's assertion that he had been retained to represent petitioner at the April 19, 2011 hearing or to replace Dieffenbach as petitioner's trial counsel. Indeed, the only arguments submitted in support of that post-sentence motion were provided by petitioner in an affidavit attached to the motion merely reiterating the same general points that he had made to the court at the April 19, 2011 hearing. Therefore, it is clear from the record that the facts do not support the claim alleged in Ground Three of the amended petition that the trial court's failure to continue the April 19, 2011 hearing deprived petitioner of his constitutional right to counsel of choice. *Cf.*

9

*Gilbert v. Hudson*, No. 1:08cv1867, 2009 WL 3246978, at *5-7 (N.D. Ohio Oct. 5, 2009) (and cases cited therein) (holding that although the Sixth Amendment does guarantee the right to counsel of choice for a defendant who has retained the services of an attorney and does not require appointed counsel, *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006), "the right to counsel of choice in situations where defendant requires court-appointed counsel, has **not** been recognized by the U.S. Supreme Court" and "do[es] not have a constitutional foundation") (emphasis in original).

5. With respect to any application by petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R would not be taken in "good faith" and, therefore, this Court **DENIES** petitioner leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT